IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD KOLESAR, | : |
|  Plaintiff, | : Civil Action No. 1:20-cv-00017-AJS |
| v. | : LEAD CASE |
| BEST MADE COMPANY, LLC, | : |
|  Defendant. | : |
| | |
| THOMAS KLAUS and ROBERT JAHODA, | : |
|  Plaintiffs, | : Civil Action No. 2:20-cv-00167-AJS |
| v. | : MEMBER CASE |
| OUTERKNOWN, LLC, | : |
|  Defendant. | : |

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiffs, Thomas Klaus and Robert Jahoda ("Plaintiffs") and Defendant, Outerknown, LLC ("Defendant"). Plaintiffs and Defendant shall hereinafter be collectively referred to as the "Parties," or singularly as "Party," for the purposes of the terms specified herein.

### RECITALS

2. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189, as amended ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private

Page **1** of **12**

Case 1:20-cv-00017-AJS Document 137 Filed 05/07/20 Page 2 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D0577511B4
Case 1:20-cv-00017-AJS Document 134 Filed 05/05/20 Page 2 of 12

entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On February 4, 2020, Plaintiffs filed this lawsuit against Defendant, alleging that Defendant's website, www.outerknown.com (the "Website"), contains barriers that prevent full and equal use by blind persons, in violation of Title III of the ADA, 42 U.S.C. §§12181–12189.

4. Defendant expressly denies that the Website, or any other websites owned and/or operated by Defendant and its affiliated companies, parent companies, subsidiaries and divisions violate Title III of the ADA or any other comparable federal, state or local regulation or statute, including but not limited to the ADA. By entry into this Consent Decree, Defendant does not admit any wrongdoing whatsoever.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiffs' Complaint [ECF No. 1], as well as any claims involving any other websites owned or operated by Defendant and its affiliated companies, parent companies, subsidiaries and divisions.

6. This Consent Decree is entered into by Plaintiffs, individually.

## JURISDICTION

7. Plaintiffs allege that Defendant is a private entity that owns and/or operates the Website, which is a place of public accommodation subject to Title III of the ADA. Defendant denies that the Website constitutes a public accommodation or a place of public accommodation, or is otherwise subject to Title III of the ADA.

8. Plaintiffs are suing on their own behalves, as aggrieved persons pursuant to 42 U.SC. § 12188(b)(2)(b).

Case 1:20-cv-00017-AJS Document 137 Filed 05/07/20 Page 3 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D0577511B4
Case 1:20-cv-00017-AJS Document 134 Filed 05/05/20 Page 3 of 12

9. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

10. Plaintiffs and Defendant agree that it is in the Parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiffs' Complaint.

In resolution of this action, the Parties hereby **AGREE** to the following:

## DEFINITIONS

11. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12. Visual Impairment means any physical, mental, or sensory impairment that substantially limits a person in the major life activity of seeing.

13. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 19 through 27 of this Consent Decree. Reasonable Efforts shall also mean commercially reasonable efforts, and shall be further interpreted so as to not require to undertake efforts whose cost, difficulty or impact on Defendant's website-related operations, or otherwise, could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's website-related operations as though they are collectively a stand-alone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates

DocuSign Envelope ID: 79864666-054E-4546-92A2-09D0577511B4

Case 1:20-cv-00017-AJS   Document 137   Filed 05/07/20   Page 4 of 12
Case 1:20-cv-00017-AJS   Document 134   Filed 05/05/20   Page 4 of 12

its respective website-related properties or the primary functions related thereto, or which could result in a loss of revenue or traffic on its respective website-related operations.

## TERM

14. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) eighteen (18) months from the Effective Date; or (b) the date, if any, that final regulations are adopted by the United States Department of Justice for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

15. Pursuant to the terms of this Consent Decree, Defendant:

   a. shall not deny persons with a Visual Impairment, including Plaintiffs, the opportunity to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations through its Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

   b. shall use Reasonable Efforts to provide persons with a Visual Impairment, including Plaintiffs, an equal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

   c. shall use Reasonable Efforts to ensure that persons with a Visual Impairment, including Plaintiffs, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

Case 1:20-cv-00017-AJS Document 137 Filed 05/07/20 Page 5 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D0577511B4
Case 1:20-cv-00017-AJS Document 134 Filed 05/05/20 Page 5 of 12

## COMPLIANCE WITH TITLE III OF THE ADA

16. **Web Accessibility Conformance Timeline** – Defendant shall ensure full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a. Within eighteen (18) months of the Effective Date, Defendant shall ensure that the Website substantially conforms to the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") in such a manner so that the Website will be accessible to persons with Vision Impairments or blindness. Should the United States Congress, the United States Department of Justice, or the United States Supreme Court issue one or more rulings or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.0 AA, Defendant shall have the option of substantially complying with such legal standard in its sole and absolute discretion.

b. Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to the Website, are accessible or otherwise substantially conform to WCAG 2.0 AA or any then-existing ADA compliance standard.

c. For eighteen (18) months following the Effective Date, Defendant shall request that services procured and performed by any third-party developers conform to WCAG 2.0 AA standards. However, Defendant shall not be held responsible in any way for any third-

Case 1:20-cv-00017-AJS Document 137 Filed 05/07/20 Page 6 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D0577511B4
Case 1:20-cv-00017-AJS Document 134 Filed 05/05/20 Page 6 of 12

party developer's failure to comply with any such request. Likewise, Defendant shall not be responsible in any way for ensuring that third-party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to the Website, are accessible or otherwise conform to WCAG 2.0 AA;

        d.      If Defendant determines at any time during the eighteen (18) month period beginning on the Effective Date, that it no longer needs or desires to continue operating the Website, and to shut down or otherwise discontinue the use of the Website, it may do so without violating this Consent Decree.

## SPECIFIC RELIEF TO PLAINTIFFS

17.      Plaintiffs and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, as well as Plaintiffs' counsel's obligation to defend at Plaintiffs' counsel's expense in any action or demand, whether filed or not, relating to any alleged inaccessibility of the Website through a separate, confidential letter agreement (the "Letter Agreement") hereby incorporated by reference into this Consent Decree. The Letter Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Letter Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

18.      The procedures set forth in Paragraphs 19 through 27 must be exhausted in the event that (a) Plaintiffs allege that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (b) Defendant alleges that there is a criteria of WCAG 2.0 AA with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

Case 1:20-cv-00017-AJS Document 137 Filed 05/07/20 Page 7 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D0577511B4
Case 1:20-cv-00017-AJS Document 134 Filed 05/05/20 Page 7 of 12

19. Plaintiffs shall notify Defendant in writing after the dates for compliance set forth herein if they believe that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiffs in writing within a reasonable period if it believes there is criteria of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 28.

20. Within thirty (30) days of either Party receiving notice as described in Paragraph 19, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties shall meet by telephone, or in person, in an attempt to informally resolve the issue(s) raised.

21. Should the Parties thereafter have a dispute regarding an issue raised in a notice given under Paragraph 20, the dispute shall be handled pursuant to the procedures set forth in Paragraphs 22 through 27 below.

22. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with notice of non-compliance containing the following information: (a) the alleged act of non-compliance; (b) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (c) a statement of the remedial action sought by the initiating party; and (d) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party.

23. Within forty-five (45) days of receipt of a notice pursuant to Paragraph 22, the non-initiating party shall respond to the initiating party in writing.

24. Within fourteen (14) days after the response described in Paragraph 23, the Parties shall informally meet and confer and attempt to resolve the issues raised in the Notice.

Case 1:20-cv-00017-AJS   Document 137   Filed 05/07/20   Page 8 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D0577511B4
Case 1:20-cv-00017-AJS   Document 134   Filed 05/05/20   Page 8 of 12

25. If the matters raised in a notice provided pursuant to the above are not resolved within forty-five (45) days of the initial meeting and conference required by Paragraph 24, either party may submit the unresolved matters to nonbinding mediation before a mutually agreed upon mediator.

26. If the dispute is not resolved in mediation, either party may move this Court for enforcement of compliance with this Agreement.

27. Any of the time periods set forth in Paragraphs 20 through 25 may be extended by mutual agreement of the Parties.

28. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiffs:

CARLSON LYNCH, LLP
Attn: R. Bruce Carlson, Esquire
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
bcarlson@carlsonlynch.com

To Defendant:

KAUFMAN DOLOWICH & VOLUCK, LLP
Attn: Philip R. Voluck, Esquire
1777 Sentry Parkway West
VEVA 17, Suite 100
Blue Bell, PA 19422
(267) 841-5910
pvoluck@kdvlaw.com

Case 1:20-cv-00017-AJS   Document 137   Filed 05/07/20   Page 9 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D057751B4
Case 1:20-cv-00017-AJS   Document 134   Filed 05/05/20   Page 9 of 12

## MODIFICATION

29. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

30. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the Commonwealth of Pennsylvania.

31. This Consent Decree contains the entire agreement of Plaintiffs and Defendant concerning the subject matter described herein, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described herein, shall be enforceable.

32. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

33. This Consent Decree shall be binding on and inure to the benefit of: Defendant and its respective affiliated companies, parent companies, subsidiaries, successors, assigns, agents, employees, officers, members and shareholders. In the event that Defendant seeks to transfer or assign all or part of its interest in the Website covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website, then the successor or assign, and not the Defendant, shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

Case 1:20-cv-00017-AJS Document 137 Filed 05/07/20 Page 10 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D0577511B4
Case 1:20-cv-00017-AJS Document 134 Filed 05/05/20 Page 10 of 12

34. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a Visual Impairment who utilize a screen reader to access the Website, which visually-impaired persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree.

35. Plaintiffs and Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein. To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described herein, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any party of any other obligations imposed by this Consent Decree.

36. The signatories represent that they have the authority to bind the respective parties, Plaintiffs and Defendant, to this Consent Decree.

## **CONSENT DECREE HAS BEEN READ**

37. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

## **RELEASE**

38. For and in consideration of the promises, commitments and undertakings set forth in this Consent Decree, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, on behalf of themselves, their agents, employees, representatives, assigns, heirs, executors, trustees, partners, and each of them (the "Releasing Parties"), shall be

Case 1:20-cv-00017-AJS Document 137 Filed 05/07/20 Page 11 of 12
DocuSign Envelope ID: 79864666-054E-4546-92A2-09D057751184
Case 1:20-cv-00017-AJS Document 134 Filed 05/05/20 Page 11 of 12

deemed to have jointly and severally forever released and discharged Defendant, together with its past, present, and future officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent entities, subsidiary entities, affiliate entities, partners, insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing (collectively, the "Released Parties"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto, or for reimbursement of attorneys' fees, costs and expenses, relating to the action, but not including claims related to the enforcement of this Consent Decree (the "Released Claims"). This release expressly applies to all claims regarding the accessibility of the Website, including but not limited to all claims arising from or relating to the ADA, any federal, state, or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, known or unknown, suspected or unsuspected, foreseen or unforeseen, real or imaginary, actual or potential, through the date of this Consent Decree. Plaintiffs represent and warrant that they are not aware of any other individuals who have claims against the Released Parties based on the Released Claims. Plaintiffs, on their own behalves, and on behalf of the Releasing Parties, acknowledge that they may be releasing claims that are presently unknown and that the release contained in this Consent Decree is intended to and does fully, finally and forever discharge all such released claims, whether now asserted or unasserted, known or unknown, they may have against the Released Parties.

[Signature page to follow]

**AGREED AND CONSENTED TO BY:**

_____
Thomas Klaus, Individually

_____
Robert Jahoda, Individually

OUTERKNOWN, LLC

By: _Travis Heard_
        3B349DFFAF83478
Travis Heard

Its: VP, Finance & Strategy
        Title

AND NOW, this 7th day of May, 2020,
IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Page 12 of 12